# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| RUSSELL EVANS, <br><br> Plaintiff, <br><br> v. <br><br> OFFICER N. TAVARES, *et al.*, <br><br> Defendants. | Case No. 09 C 2817 <br><br> Hon. Harry D. Leinenweber |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants Nick Tavares, Tom Worthem, Stephen Burzinski and the City of Chicago's Motion to Dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, Defendants' motion is denied.

## I. BACKGROUND

Plaintiff Russell Evans (hereinafter, "Plaintiff") filed the instant action against Chicago Police Officers Tavares, Worthem, and Burzinski (the "Individual Defendants"), and the City of Chicago in connection with his September 1, 2008, arrest for possession of a controlled substance. Plaintiff alleges in his Complaint that the Individual Defendants slammed him into a vehicle despite the fact that he had not resisted arrest and had not threatened them. He further alleges that he had not committed the offense of possession of a controlled substance, and that the Individual Defendants did not have probable cause to believe he had

committed any crime.  Plaintiff alleges the Individual Defendants were involved in a conspiracy under which they agreed to bring false charges against him, agreed to use excessive force against him, and agreed to cover up for each other's misconduct.  Plaintiff brings claims against the Individual Defendants under 42 U.S.C. § 1983 and state law for excessive force, false arrest and unlawful seizure of property.  He also alleges the City of Chicago is liable for the individual officers' misconduct under Illinois statute and the theory of *respondeat superior*.

## II.  DISCUSSION

### A.  Standard of Review

On a motion to dismiss under Rule 12(b)(6), the Court accepts as true all well-pleaded facts in the complaint, and draws all reasonable inferences in favor of the plaintiff. *Specht v. Google, Inc.*, --- F.Supp.2d ---, 2009 WL 2407749, at *2 (N.D.Ill., Aug. 3, 2009)(citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).  The Court need not accept mere legal conclusions, however.  *Specht*, 2009 WL 2407749, at *2.  A complaint does not need to set forth all of the relevant facts, but it must allege "enough facts to state a claim to relief that is plausible on its face." *Limestone Development Corp. v. Village of Lemont, Ill.*, 520 F.3d 797, 803 (7th Cir., 2008) (quoting *Twombly*, 550 U.S. at 570).

At issue here is the impact of *Twombly* and the U.S. Supreme Court's recent ruling in *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009).

In *Iqbal*, the Supreme Court considered the sufficiency of a civil rights complaint brought by a Muslim Pakistani man detained in the wake of the September 11, 2001 terrorist attacks. The Court found his allegations that high-ranking officials conspired to detain Muslim men on the basis of their race were conclusory, and that the remaining allegations were insufficient to state a claim in light of the "obvious alternative explanation" that a legitimate policy to detain individuals suspected of being linked to the September 11 attacks would have a disparate impact on Muslims. The *Iqbal* court held that a court considering a motion to dismiss should begin by identifying and disregarding those allegations that are no more than legal conclusions. *Iqbal*, 129 S.Ct. at 1950. The court should then accept the veracity of all well-pleaded factual allegations and determine whether they plausibly give rise to a claim. *Id.*

Affirming dismissal recently in *Smith v. Duffey*, 576 F.3d 336 (7th Cir., Aug. 3, 2009), Judge Posner in *dicta* contemplated that *Iqbal* may be a unique case because it involved a defense of qualified immunity, which is meant to limit the litigation burden on officials. The *Twombly* ruling, by contrast, had focused in large part on the costs of discovery in complex litigation. In light of the relatively simple dispute before the Court of Appeals in *Duffey*, Judge Posner noted, "[s]o maybe neither [*Twombly*] nor *Iqbal* governs here," before adding that the issue was irrelevant

because the pleadings were so clearly insufficient. *Smith*, 576 F.3d at 340.

However, in *Iqbal*, the Supreme Court clearly asserted that it was addressing pleading standards under Federal Rule of Civil Procedure 8 in all civil actions. *Iqbal*, 129 S.Ct. at 1953. Judge Posner acknowledged as much in *Duffey*, 576 F.3d at 340, as has the Seventh Circuit in another recent case, *Brooks v. Ross*, -- F.3d --, 2009 WL 2535731, at *5 (7th Cir., Aug. 20, 2009). Thus, the Court will examine the sufficiency of the Complaint with the *Twombly/Iqbal* plausibility standard in mind.

**B. Plaintiff's Complaint is Sufficient Under *Twombly* and *Iqbal***

Here, Plaintiff's claims are grounded in sufficient specific facts to render them plausible.

In order to hold Defendants liable for false arrest under § 1983, the Plaintiff must show that the Defendants, acting under color of law, arrested him without probable cause. *Jones by Jones v. Webb*, 45 F.3d 178, 181 (7th Cir., 1995). The Complaint alleges that the Individual Defendants knew Plaintiff had committed no crime but arrested him anyway. This is sufficient to state a plausible claim for false arrest at this stage of the case.

To hold Defendants liable for the use of excessive force under the Fourth Amendment, Plaintiff must establish that the force used against him was unreasonable under the circumstances. *Lester v. City of Chicago*, 830 F.2d 706, 709 (7th Cir., 1987). Plaintiff

essentially alleges that although he was in no way resisting arrest, some or all of the Individual Defendants slammed him into a vehicle. Again, at the pleading stage, this is sufficient to state a plausible claim for excessive force.

Defendants argue in part that the Complaint is insufficient because Plaintiff pleads all allegations against "defendant officers," rather than naming them individually. Liability under § 1983 requires a showing of individual fault. *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir., 1996). Defendants cite *Carter v. Dolan*, No. 08-7464, 2009 WL 1809917 (N.D.Ill., June 25, 2009), for the proposition that a failure to specify what each defendant did individually can result in dismissal for failure to provide the defendants with adequate notice of the nature of plaintiff's claims. But *Carter* is distinguishable from the instant case because it involved nine defendants, and because the plaintiff in that case failed to provide additional detail after being given the opportunity to view a photo array in order to identify the defendant officers who, she alleged, searched her apartment unlawfully. *Carter*, 2009 WL 1809917. In this case, where only three individual defendants are named, Plaintiff's allegations are not "so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8." *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir., 2007).

Finally, Defendants argue that Plaintiff's allegation of conspiracy is insufficient because of its boilerplate language. However, Plaintiff is required only to identify the parties, purpose, and approximate date of the conspiracy. *Miller v. Fisher*, 219 Fed.Appx. 529, 533 (7th Cir., 2007). This he has done.

### III. CONCLUSION

For the reasons stated herein, Defendants' Motion to Dismiss is denied.

**IT IS SO ORDERED.**

_____
Harry D. Leinenweber, Judge
United States District Court

**DATE:** 9/30/2009